REDMANN, Chief Judge,
concurring.
La. Const, art. 7, § 26(C) requires that revenue sharing funds be distributed by first priority to offset “current losses because of homestead exemptions .... ”
Homestead exemptions can only cause a “loss” in tax revenue if the taxing authority is not free to fix its tax millage rate as high as necessary to maintain the desired or authorized level of revenue.
The board of liquidation and, in respect only to the “additional adjustment” millage authorized by La. Acts 1978 No. 614, the school board were both free to fix their respective millages as high as necessary for the purposes of those millages. Those purposes were, respectively, (1) to service city bonds and (2) “to compensate for any deviations of one percent or more from the amounts that should have been levied on the 1978 tax roll.” If the school board properly calculated the “additional adjustment” in its 1.91 mill levy in 1979 and thereby compensated itself for 1978’s under-levy, then it suffered no loss of any revenue authorized by Acts 1978 No. 614’s “additional adjustment.” If it did not properly calculate the additional adjustment, any loss was not “because of homestead exemptions.”